Ms. Jamie D. Tims 4410 West 25th Street Little Rock, AR 72204
Dear Ms. Tims:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion as to whether certain records maintained by the Arkansas Department of Human Services ("DHS") should be disclosed under the Arkansas Freedom of Information Act ("FOIA") (A.C.A. §§ 25-19-101 through -107).
You state that you have reviewed the two "hire packets" that you requested under the FOIA, and were told that the "Knowledge Ability and Skills (KAS) scores and interview score sheets" are not releasable. You have asked whether these records must be released under the FOIA.[1]
You state that you know this information was releasable in the past. You have also asked "the WHO?, WHAT?, WHEN?, and WHY" it was changed."
It is my opinion that with one possible exception noted below, the decision of DHS to delete the actual scores from the interview score sheets is consistent with the FOIA.
It is my understanding, as you have indicated, that you were given the "hire packets" which included applications, resumes, interview questions and any written answers, and score sheets (without the actual scores). As regards current employees, I believe it is clear that these records constitute personnel records. My predecessor has previously opined that job applications of successful candidates are personnel records. See,e.g., Op. Att'y Gen. 97-042. It has also been opined that applications for promotion are to be treated similarly. See Op. Att'y Gen. 88-133 and J. Watkins, The Arkansas Freedom of Information Act 223, n. 314 (3rd
ed. 1998) (stating that "[a]n application of an employee for promotion is a personnel record, presumably because it pertains to someone who is presently employed.") (Citing Op. 88-133.) See also Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992) (records of police promotional exam treated as personnel records). Even assuming that the position(s) applied for in this instance did not actually involve a promotion, I believe such records (i.e., the application records contained in these "hire packets," noted above) are personnel records as to current employees.
Personnel records are exempt from public disclosure under the FOIA "to the extent that disclosure would constitute [a] clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10) (Supp. 1997). The custodian of the "hire packets" in this instance has apparently decided that with the exception of the scores on the interview score sheets, the records contained therein are releasable under the FOIA. Because your question pertains to the scores, this opinion does not address that decision.
As regards the interview scores, this office has previously opined with respect to the personnel records exemption in the context of employment examinations, that release of individual employees' specific test scores would constitute a clearly unwarranted invasion of personal privacy. See
Op. Att'y Gen. Nos. 97-033, 93-079, 89-054. As stated in Opinion 97-033:
 The reasoning that has been adduced in support of [this] conclusion is that the public has a valid interest in knowing whether public employees possess a requisite level of skill to perform their duties. By the same token, the public has an interest in knowing which public employees have received specialized training. The public's interest in public employees' training and performance does not, however, extend to the actual performance by each individual public employee unless a particular employee fails to perform his or her duties properly. The public's interest is even further diminished when the performance in question took place in a training context, rather than in the context of the performance of actual duties. Information indicating specific scores is not necessary in order to satisfy the public's interest in this matter. Moreover, specific score information is sufficiently private that its disclosure could subject the affected individuals to embarrassment or could affect future employment.
Id. at 4.
These observations were made with respect to current public employees. If the question in this instance involves unsuccessful applicants who were not employed at DHS, a conclusive answer regarding the status of these records as "personnel records" may require an appellate court ruling. This follows from the fact that there is a split of authority among the Pulaski County circuit courts that have considered the issue of whether all employment applications are personnel records. See Op. Att'y Gen.93-114; see also The Arkansas Freedom of Information Act, supra at 223, n. 316. This office has opined that job application records of unsuccessful applicants are not personnel records. See, e.g., Op. Att'y Gen. 98-102.[2] As to such records, therefore, there is no privacy exemption under the FOIA. Under that view, the "hire packet" interview records generated in connection with applicants who were not employed at DHS would be releasable, unless they contained information in which there was a protectable constitutional privacy interest. See generally Op. Att'y Gen. Nos. 98-102 and 93-421.
Ordinarily, the distinction between successful and unsuccessful job applicants will not be critical because employment applications are typically releasable due to the absence of protected private information. See Op. Att'y Gen. 93-421. In this instance, however, because a substantial privacy interest likely attends the individual interview test scores, the distinction is arguably a relevant factor in the analysis, assuming that the question pertains to unsuccessful applicants who were not employed at DHS. The split in the circuit court rulings makes it difficult to conclude, however, that a custodian's decision to apply the "personnel records" exemption is clearly contrary to the FOIA in the case of unsuccessful job applicants. One recognized authority has stated that "[t]he better view is that the term `personnel records' includes documents pertaining to job applicants, whether or not they are ultimately hired." The Arkansas Freedom of Information Act,supra at 133.
Because, in my view, this remains an open question, I believe the custodian in this instance could, consistent with the act, decide to delete the actual scores from the interview sheets of all unsuccessful applicants.
In conclusion, therefore, it is my opinion that the custodian has properly deleted the individual scores from the interview sheets of those who were employed at DHS. A strong argument also exists in favor of this action as to unsuccessful applicants who were not employed at DHS. An appellate court ruling on that issue may, however, be required.
With regard to your question concerning the "WHO? WHAT? WHEN?, and WHY? the releasability of these records was changed, I must note that unless records are in existence reflecting such a change in policy, this is not a matter which is covered by the FOIA. The FOIA addresses public access to records. It does not require the compilation of information. Nor do I have any information in this regard.
Assistant Attorney General Elisabeth A. Walker prepared the following opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] It is my understanding that the interview score sheets were released, with the scores deleted. I thus assume that your question focuses on the releasability of the actual scores.
[2] As indicated above, I believe an application by a current employee would be considered a personnel record.